**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| TAMERA KEENE, ) | |
| ) | CASE NO. 05-72297 |
| Debtor. ) | |
| _____) | _____ |
| NEXUS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADVERSARY PROCEEDING |
| ) | NO. 05-07143 |
| TAMERA KEENE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM DECISION**

The two matters before the Court are the Motion for Default Judgment filed by the Plaintiff, Nexus, Inc, seeking entry of a judgment against the Defendant, Tamera Keene, based on her failure to file responsive pleadings as required by the Court's October 21, 2005 Order and the Defendant's Motion for an Extension of Time to file the required responsive pleadings. A hearing was held on both Motions on March 8, 2006. At that time, the Court heard oral arguments and took both matters under advisement. The matters are now ready for decision. For the reasons noted below, the Court concludes that the Motion for Default Judgment should be denied and the Motion for an Extension of Time should be granted.

FINDINGS OF FACT

The Debtor, Tamera Keene, filed a voluntary Chapter 7 petition on June 10, 2005. On August 29, 2005, Counsel for the Plaintiff filed a Complaint commencing this adversary proceeding objecting to the discharge of the Debtor and requesting a determination of the dischargeability of the Debtor's debt owed to the Plaintiff pursuant to 11 U.S.C. §§ 523 and 727. Subsequently, Counsel for the Defendant filed a Motion to Dismiss arguing that the Plaintiff had not stated any facts in the Complaint which would support a finding against the Debtor. On October 18, 2005, a pre-trial conference was held and the Defendant's Motion to Dismiss was heard and determined to be well founded. The Court entered an Order on October 21, 2005 giving the Plaintiff until November 7, 2005 to file an Amended Complaint, providing that the Debtor file any responsive pleadings to the Amended Complaint by November 28, 2005 and scheduling a final pre-trial conference for January 31, 2006.

On November 7, 2005, the Plaintiff filed an Amended Complaint. The Debtor did not file any responsive pleadings to the Amended Complaint by November 28, 2005. Consequently, the Plaintiff filed a Motion for Default Judgment on Friday, December 9, 2005. The Debtor filed a Motion for an Extension of Time to file her responsive pleadings and an Answer to the Amended Complaint on Monday, December 12, 2005. The Debtor's Motion averred that Counsel for the Debtor had inadvertently failed to take notice of the November 28, 2005 deadline for filing responsive pleadings set forth in the Court's October 21, 2005 order and "failed to note it on his docket control system." The Debtor's Counsel argued that his failure to file responsive pleadings had not caused prejudicial delay in this proceeding as evidenced by the parties proceeding with discovery. Debtor's Counsel stated that "[the Debtor] is proceeding in

-2-

good faith and [Debtor's counsel] will pay any costs or fees incurred by the plaintiff in filing the motion for default judgment with the Court, if so ordered." At the request of the parties, the Court held the pre-trial conference[1] on January 30, 2006 via telephone conference call, at which time the parties agreed that the Plaintiff's Motion for Default Judgment needed to be argued on the record and further agreed to continue the pre-trial conference and argument on the Plaintiff's Motion to March 8, 2006.[2]

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the dischargeability of a debt and denial of the discharge to a debtor are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

As recognized by the United States District Court for the Western District of Virginia in *Salem Bank & Trust v. Gunther (In re Gunther),* 174 B.R. 700 (W.D. Va. 1994), the bankruptcy court "'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *Id.* at 702 (quoting *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. 1981); *see also McLaughlin v. McPhail (In re Winthrop Lawrence Corp.),* 707 F.2d 800, 805 (4th Cir. 1983) ("[T]he bankruptcy court, like any other tribunal, may reconsider its orders in appropriate cases. Whether the bankruptcy court chooses to do so, however, is a matter within its sound discretion.") (citations omitted). The

---

[1] Per the Court's Order dated October 21, 2005, the pre-trial conference was scheduled for January 31, 2006.

[2] An Order continuing the pre-trial conference to March 8, 2006 was entered on February 2, 2006.

-3-

Court's inherent procedural power includes "the authority to extend a deadline or time period for any reason the court, in its discretion, considers sufficient, so long as the deadline or time period is not imposed by statute or rule of procedure." *Gunther,* 174 B.R. at 702.  Here the deadline for the Debtor to file responsive pleadings to the Amended Complaint is imposed by the Court's October 21, 2005 Order.  According to representations made to the Court by Counsel for the Debtor, he has a docketing control system in place to assure timely filings, but as a result of his inadvertence the due date for filing an Answer as provided in the Court's October 21, 2005 Order was not entered in the system.  The Court considers the explanation offered by the Debtor's counsel sufficient to extend the deadline for filing an Answer to the Amended Complaint.

While the foregoing determination is sufficient to resolve the Motions before the Court, it will also consider the application of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which authorizes a bankruptcy court to permit a late filing, even when the moving party does not request an extension until after the deadline has passed, "where the failure to act was the result of excusable neglect."[3]  In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993), the Supreme Court concluded that the

---

[3] Rule 9006(b)(1) states

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

determination of excusable neglect is an equitable one, taking into account all relevant circumstances, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

The Court concludes that the Debtor's failure to file responsive pleadings by the deadline set forth in the Court's October 21, 2005 Order was the result of excusable neglect. The Supreme Court recognized in *Pioneer* that "Congress plainly contemplated [in Rule 9006(b)(1)] that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. As discussed above, the failure to file responsive pleadings by the date provided in the Court's October 21, 2005 Order was the result of the date not being entered in the docket control system used by Counsel for the Debtor. This oversight was not brought to the Debtor's Counsel's attention until the Plaintiff filed the Motion for Default Judgment on Friday, December 9, 2005. Counsel for the Debtor responded promptly by filing the Motion for Extension of Time to file a responsive pleading and an Answer to the Amended Complaint on Monday, December 12, 2005.

Other than denying its Motion for Default Judgment, allowing the late filing of the Answer to the Amended Complaint does not prejudice the Plaintiff. Further, there has been no material delay in the litigation of the adversary proceeding. During a telephone conference call held on January 30, 2006, the parties agreed to continue the hearing scheduled for January 31, 2006 on both the Motion for Default Judgment and the Motion for Extension of Time to

March 8, 2006. Moreover, the Debtor's default was to the filing of an Answer to the Amended Complaint, not the original Complaint. The Debtor timely responded to the original Complaint by filing a Motion to Dismiss alleging that the Complaint had not stated any facts which would support a finding against the Debtor. The Plaintiff was granted leave of court to file an Amended Complaint to resolve the Debtor's Motion to Dismiss. It would be particularly inequitable to grant a motion at the instance of a party which has itself received the benefit of the court's exercise of its discretion. In view of the Plaintiff's benefit from the Court's granting it leave to file an Amended Complaint, the Court will not impose any monetary or other sanction against Debtor's counsel for his failure to file a timely Answer to the Amended Complaint. Accordingly, the Court will deny the Plaintiff's Motion for Default Judgment and will grant the Debtor's Motion for Extension of Time by a contemporaneous order.

This 16th day of March, 2006.

*William F. Stone, Jr.*

_____

UNITED STATES BANKRUPTCY JUDGE